IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMY RIOS, | CASE NO. CV F 11-1706 LJO JLT |
| Plaintiff, | **ORDER ON DEFENDANTS' F.R.Civ.P. 12 MOTION TO DISMISS** |
| vs. | (Doc. 15.) |
| CITY OF BAKERSFIELD, et al., | |
| Defendants. / | |

## INTRODUCTION

Defendants City of Bakersfield ("City") and City police officer William Caughell ("Officer Caughell") seek to dismiss plaintiff Jimmy Rios ("Mr. Rios'") 42 U.S.C. § 1983 ("section 1983") excessive force, *Monell*, and malicious prosecution claims as time barred. The City and Officer Caughell (collectively "defendants") further seek to dismiss punitive damages claims against the City as legally barred. Mr. Rios filed no papers to oppose dismissal of the claims. This Court considered defendants' F.R.Civ.P. 12(b)(6) motion to dismiss on the record and VACATES the November 22, 2011 hearing, pursuant to Local Rule 230(g). For the reasons discussed below, this Court DISMISSES this action against defendants.

## BACKGROUND

### Summary

Mr. Rios proceeds on his complaint ("complaint") to allege that on December 18, 2008, Officer

1

Caughell used excessive force against him to result in his "severe physical injury, emotional distress and damages to his person." Defendants contend that the complaint's section 1983 and 42 U.S.C. § 1988 ("section 1988") claims are barred by the applicable two-year limitations period in that the complaint was filed on August 18, 2011 and fails to substantiate tolling of the limitations period. Defendants further contend that the City is not subject to the complaint's punitive damages claims.

## The Complaint's Allegations And Claims

The complaint alleges during the early afternoon of December 18, 2008, Mr. Rios was a passenger in a sedan which "gave chase" after Officer Caughell attempted a traffic stop. After the sedan stopped, Mr. Rios fled, and Officer Caughell chased him. Although Mr. Rios complied with Officer Caughell's directives to surrender and to place Mr. Rios's hands above his head, Officer Caughell "got on top of plaintiff" and struck Mr. Rios with his fists and baton to result in Mr. Rios suffering broken hands and arms, a swollen knee, a concussion, lacerations, and impaired hearing in an ear. To cover up his wrongdoing, Officer Caughell knowingly filed a false report and charges.

The complaint alleges:

1. A (first) section 1983 claim that Officer Caughell used excessive force;
2. A (second) *Monell* claim that the City was deliberately indifferent to "repeated acts of police misconduct" and in "training, supervision and/or discipline" of City police officers;
3. A (third) section 1983 malicious prosecution action that Officer Caughell "fabricated the police report" and "caused said report to be submitted to the district attorney's office for filing consideration"; and
4. A (fourth) section 1988 claim that the City is liable for any deficiency in recovery against Officer Caughell.

The complaint's prayer seeks punitive damages.

## DISCUSSION

### F.R.Civ.P. 12(b)(6) Motion To Dismiss Standards

Defendants seek to dismiss the complaint's claims as time barred and its punitive damages claim as legally barred.

2

"When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheurer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683 (1974); *Gilligan v. Jamco Development Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). A F.R.Civ.P. 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990); *Graehling v. Village of Lombard, Ill.*, 58 F.3d 295, 297 (7th Cir. 1995). A F.R.Civ.P. 12(b)(6) motion "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

In addressing dismissal, a court must: (1) construe the complaint in the light most favorable to the plaintiff; (2) accept all well-pleaded factual allegations as true; and (3) determine whether plaintiff can prove any set of facts to support a claim that would merit relief. *Cahill v. Liberty Mut. Ins. Co.,* 80 F.3d 336, 337-338 (9th Cir. 1996). Nonetheless, a court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Sciences Securities Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (citation omitted). A court "need not assume the truth of legal conclusions cast in the form of factual allegations," *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643, n. 2 (9th Cir.1986), and must not "assume that the [plaintiff] can prove facts that it has not alleged or that the defendants have violated . . . laws in ways that have not been alleged." *Associated General Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526, 103 S.Ct. 897 (1983). A court need not permit an attempt to amend if "it is clear that the complaint could not be saved by an amendment." *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005).

A "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554,127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted). Moreover, a court "will dismiss any claim that, even when construed in the light most favorable to plaintiff, fails to plead sufficiently all required elements of a cause of action." *Student Loan Marketing Ass'n v. Hanes*, 181 F.R.D. 629, 634 (S.D. Cal. 1998). In practice, a complaint "must contain either

direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562, 127 S.Ct. at 1969 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).

In *Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937, 1949 (2009), the U.S. Supreme Court explained:

> . . . a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . . The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. (Citations omitted.)

After discussing *Iqbal*, the Ninth Circuit Court of Appeals summarized: "In sum, for a complaint to survive [dismissal], the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962, 989 (9th Cir. 2009) (quoting *Iqbal*, __ U.S. __, 129 S.Ct. at 1949).

The U.S. Supreme Court applies a "two-prong approach" to address dismissal:

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . . . Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . . . Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not "show[n]"-"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Iqbal*, __ U.S. __, 129 S.Ct. at 1949-1950.

Moreover, "a complaint may be dismissed under Rule 12(b)(6) when its own allegations indicate the existence of an affirmative defense." *Quiller v. Barclays American/Credit, Inc.*, 727 F.2d 1067, 1069 (11th Cir. 1984). For instance, a limitations defense may be raised by a F.R.Civ.P. 12(b)(6) motion to dismiss. *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980); *see Avco Corp. v. Precision Air Parts, Inc.*, 676 F.2d 494, 495 (11th Cir. 1982), *cert. denied*, 459 U.S. 1037, 103 S.Ct. 450 (1982).

A F.R.Civ.P. 12(b)(6) motion to dismiss may raise the limitations defense when the statute's running is apparent on the complaint's face. *Jablon*, 614 F.2d at 682. If the limitations defense does not appear on the complaint's face and the trial court accepts matters outside the pleadings' scope, the defense may be raised by a motion to dismiss accompanied by affidavits. *Jablon*, 614 F.2d at 682; *Rauch v. Day and Night Mfg. Corp.*, 576 F.2d 697 (6th Cir. 1978).

With these standards in mind, this Court turns to defendants' challenges to the complaint.

## DISCUSSION

### Two-Year Limitations Period

Defendants argue that the complaint's claims are time barred in that Mr. Rios' claims accrued on December 18, 2008 and he delayed more than two years until August 18, 2011 to file his complaint.

Federal civil rights statutes have no independent limitations period. *Johnson v. State of California*, 207 F.3d 650, 653 (9th Cir. 2000); *Taylor v. Regents of the Univ. of Cal.*, 993 F.2d 710, 711 (9th Cir. 1993) (California's statute of limitations for personal injury actions governs claims brought pursuant to 42 U.S.C. §§ 1981, 1983, and 1985)*; McDougal v. County of Imperial*, 942 F.2d 668, 673-674 (9th Cir. 1991) ("suits under § 1985(3) are also best characterized as personal injury actions and are governed by the same statute of limitations as actions under § 1983"); *Abreu v. Ramirez*, 284 F.Supp.2d 1250, 1257 (C.D. Cal. 2003). The applicable limitations period is determined by borrowing the forum state's limitations period for personal injuries. *Johnson*, 207 F.3d at 653; *Abreu*, 284 F.Supp.2d at 1257. Section 1983 and related federal civil rights claims "are best characterized as personal injury actions." *Wilson v. Garcia*, 471 U.S. 261, 280, 105 S.Ct. 1938 (1985).

On January 1, 2003, California Code of Civil Procedure section 335.1 ("section 335.1")[1] took effect to extend the prior limitations period for personal injury actions (and correspondingly to federal civil rights claims, *see Wilson*, 471 U.S. at 271-272, 105 S.Ct. 1938; *Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 95 S.Ct. 1716 (1975); *Krug v. Imbrodino*, 896 F.2d 395, 396-397 (9th Cir. 1990)), from one year under former California Code of Civil Procedure section 340(3) to two years. *Abreu*, 284 F.Supp.2d at 1255; *see* Cal. Senate Bill 688 (Burton), Stats. 2002, ch. 448, §3. Applying

---

[1] Section 335.1 provides: "Within two years: An action for assault, battery, or injury to, or for the death of, an individual caused by the wrongful act or neglect of another."

5

1  California law, federal civil rights claims which arise in California are generally barred if not brought
2  within two years if they accrued after January 1, 2003. *See Johnson*, 421 U.S. 454, 95 S.Ct. 1716; *Elliot*
3  *v. City of Union City*, 25 F.3d 800, 802 (9th Cir. 1994); *Krug*, 896 F.2d at 396-397; *see also Taylor*, 993
4  F.2d at 711.

   Federal law "determines when a federal cause of action accrues, despite the fact that state law
6  determines the relevant statute of limitations." *Wetzel v. Lou Ehlers Cadillac Group*, 189 F.3d 1160,
7  1163 (9th Cir. 1999); *Elliott*, 25 F.3d at 801-802. Under federal law, a claim accrues when the plaintiff
8  knows or has reason to know of the injury which is the basis of the action. *Tworivers v. Lewis*, 174 F.3d
9  987, 991 (9th Cir. 1999); *Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir. 1996). "Generally, the statute of
10 limitations begins to run when a potential plaintiff knows or has reason to know of the asserted injury."
11 *De Anza Properties X, Ltd. v. County of Santa Cruz*, 936 F.2d 1084, 1086 (9th Cir. 1991).

12  Just as state law determines the applicable limitations period, state law also determines the
13 applicability of tolling doctrines in civil rights actions when it is not inconsistent with federal law.
14 *Hardin v. Straub*, 490 U.S. 536, 109 S.Ct. 1998 (1989); *Johnson*, 207 F.3d at 653; *Abreu*, 284 F.Supp.2d
15 at 1257. Under California Code of Civil Procedure section 352.1(a), the limitations period is tolled up
16 to two years when a plaintiff "is, at the time the cause of action accrued, imprisoned on a criminal
17 charge, or in the execution under sentence of a criminal court for a term less than for life." "In terms
18 of limitations on the prisoner, continuous custody is the relevant disability." *Elliott*, 25 F.3d at 803.
19 "'[A]ctual, uninterrupted incarceration is the touchstone' for applying California's tolling provision for
20 the disability of imprisonment." *Jones v. Blanas*, 393 F.3d 918, 928 (9th Cir. 2004) (quoting *Elliott*, 25
21 F.3d at 803). "A rule permitting non-confined felons to enforce stale claims of which they have been
22 fully cognizant throughout the applicable statutory period, solely because of their status as parolees,
23 would obviously work a real, and undeserved, hardship upon third persons." *Deutch v. Hoffman*, 165
24 Cal.App.3d 152, 154, 211 Cal.Rptr. 319 (1985) (parolee status does not toll limitations period).

25  Defendants challenge the complaint's attempt to allege tolling:

26  The statute of limitations for filing this action has been tolled during the
    pendency of criminal proceedings pursuant to State and Federal law. This tolling ended
27  when related criminal proceedings terminated on August 18, 2009. Tolling is extended
    during imprisonment according to CCP § 352.1 thereby creating a new deadline to file
28  of August 18, 2011.

1  Defendants fault the complaint's failure to support tolling under California Code of Civil Procedure
2  section 352.1 ("section 352.1") in the absence of facts that Mr. Rios was imprisoned or in execution
3  under a sentence for a term less than life. Defendants further fault attempted tolling on a mere allegation
4  that tolling continued until criminal proceedings ended on August 18, 2009.

5  Defendants raise valid points as to the complaint's absence of facts to substantiate section 352.1
6  tolling. The complaint merely mentions "pendency of criminal proceedings" and points to no facts that
7  Mr. Rios was incarcerated or serving a sentence. The complaint fails to allege sufficient facts for section
8  352.1 tolling.

9  Defendants further criticize the complaint's failure to allege facts that specific charges were
10 pending against Mr. Rios or when they were initiated. Defendants point to California Government Code
11 section 945.3 ("section 945.3") which precludes a person facing pending criminal charges to "bring a
12 civil action for money or damages against a peace officer based upon conduct of the peace officer
13 relating to the offense for which the accused is charged, including an act or omission in investigating
14 or reporting the offense or arresting or detaining the accused, while charges against the accused are
15 pending before a superior court." Defendants note that the complaint "does not state that charges were
16 pending against him until that time or when charges were initiated against him."

17 Again, defendants raise valid points to defeat the complaint's claims. The complaint lacks facts
18 to avoid section 945.3 preclusion in the absence of allegations as to charges pending again Mr. Rios.

### Punitive Damages

20 Defendant seek to strike the complaint's punitive damages allegations under F.R.Civ.P. 12(f).
21 However, this Court will evaluate the punitive damages issue under F.R.Civ.P. 12(b)(6). *See*
22 *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 971 (9th Cir. 2010) ("We therefore hold that Rule
23 12(f) does not authorize district courts to strike claims for damages on the ground that such claims are
24 precluded as a matter of law.")

25 Generally, punitive damages are not allowed against a municipality unless expressly authorized
26 by statute. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 259-260, 101 S.Ct. 2748 (1981)
27 ("Judicial disinclination to award punitive damages against a municipality has persisted to the present
28 day in the vast majority of jurisdictions.") A "municipality is immune from punitive damages under 42

U.S.C. § 1983." *Fact Concerts*, 453 U.S. at 271, 101 S.Ct. 2748.

Under California Government Code section 818, a public entity, like the City, is not subject to punitive damages. "California Government Code § 818 bars any award of punitive damages against a public entity." *Westlands Water Dist. v. Amoco Chemical Co.*, 953 F.2d 1109, 1113 (9th Cir. 1991).

As such, the complaint's punitive damages claims against the City fail and are subject to dismissal.

**CONCLUSION AND ORDER**

For the reasons discussed above, this Court:

1. DISMISSES with prejudice this action against defendants; and
2. DIRECTS the clerk to enter judgment in favor of defendants City of Bakersfield and Officer William Caughell and to close this action.

IT IS SO ORDERED.

Dated:   November 14, 2011                 /s/ Lawrence J. O'Neill
                                           UNITED STATES DISTRICT JUDGE